1  Stephen W. Mooney, Esq.
   Nevada Bar No. 9870
2  Rosemary Missian, Esq.
   Nevada Bar No. 8575
3  WEINBERG, WHEELER, HUDGINS,
      GUNN & DIAL, LLC.
4  6385 S. Rainbow Blvd., Suite 400
   Las Vegas, NV  89118
5  Telephone:     (702) 938-3838
   Facsimile:      (702) 938-3864
6  *Attorneys for Defendant*
   *Fisk Electric Company*

7

8              **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE DISTRICT OF NEVADA**

10  LAKESHA STEVENSON,                    Case No.:

11              Plaintiff,

12       vs.                              **NOTICE  OF  REMOVAL  TO  FEDERAL
                                           COURT**
13  FISK ELECTRICAL COMPANY,

14              Defendant.

15

16  TO:    United States District Court, District of Nevada;

17         Clerk, District Court of Clark County, Nevada, **Re:  Case Number A-11-646582-C**

18         John A. Piet, Esq.
           Charles T. Wright, Esq.
19         Piet & Wright
           3130 S. Rainbow Blvd., Suite 304
20         Las Vegas, NV  89146

21

22         **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §1446, Defendant Fisk Electric

23  Company ("Fisk"), by and through its counsel, Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC,

24  removes this case to the United States District Court for the District of Nevada, based upon the

25  following grounds:

26         1.    This action was commenced in the District Court of Clark County, Nevada, on

27  August 12, 2011, with the filing of Plaintiff's Complaint.

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
(702) 938-3838

2.     The Complaint was served upon Fisk through its counsel on August 25, 2011. Fisk's counsel agreed to accept service on behalf of Fisk Electric Company effective August 26, 2011.

3.     The Complaint simply alleges a right to recover for wrongful termination pursuant to Nevada Revised Statute 613.330 and 613.440.  In general terms, Plaintiff seeks "lost potential earnings in an amount to be determined at trial," "attorney's fees and costs" and "all such other and further relief as the . . . Court deems just and proper."

4.     Indeed, the only monetary amount requested by Plaintiff is "suffered damages from lost wages in excess of Ten Thousand Dollars ($10,000.00)."  The Complaint does not, however, describe damages in excess of Seventy Five Thousand Dollars ($75,000).  In her Complaint, Plaintiff instead alleges that she earned an annual salary of Thirty-Seven Thousand Dollars ($37,000.00) while working at Fisk and that she was wrongfully and unlawfully fired from Fisk on February 2, 2007.  As stated previously, Plaintiff seeks, among other claims of relief, "her lost potential earnings."  However, Plaintiff further contends that she was hired by a competitor of Fisk only two (2) months later, on April 30, 2007, where she earned an annual salary of Thirty Five Thousand Dollars ($35,000.00) and where she remained employed until February 2010. Accordingly, the face of the Complaint alleges damages less than Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5.     On November 17, 2011, Plaintiff served on Fisk a Request for Exemption from Arbitration.  In this pleading, Plaintiff claimed damages in excess of One Hundred Thousand Dollars ($100,000).  Accordingly, in Plaintiff's Request for Exemption from Arbitration, Plaintiff claims, for the first time, that the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

6.     The state court in which this action was filed lies within the division and district of the United States District Court wherein this Notice of Removal is filed.

7.     Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed because it is filed within thirty (30) days after Fisk was served or otherwise received a copy of an amended

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
(702) 938-3838

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
(702) 938-3838

1  pleading, motion, order or other paper from which Fisk can ascertain that the case has become

2  removable, to wit: Plaintiff's Request for Exemption from Arbitration.

3          8.      This lawsuit involves a controversy between citizens of different states.  Defendant

4  Fisk Electric Company was and is a Texas corporation with its principal place of business in

5  Houston, Texas.  Upon information and belief, Plaintiff Lakesha Stevenson was and is a citizen of

6  Nevada.

7          9.      Complete diversity of citizenship existed between the parties in this case at the time

8  when this action was commenced in the District Court of Clark County, State of Nevada, and at the

9  time of removal.  Thus, there is complete diversity between the parties.

10         10.     Based upon the foregoing, this case is properly removable to this Court.    In

11  particular, the Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 because

12  (1) there is complete diversity of citizenship between the parties and (2) the amount in controversy

13  exceeds $75,000.00, exclusive of costs and interest.

14         11.     28 U.S.C. §1446(a) requires that the Defendant attach copies of "all process,

15  pleadings and orders served upon" Defendant in this action.  Defendant attaches the following::

16              a)      Complaint filed August 12, 2011

17              b)      Summons

18              c)      Arbitration Selection List

19              d)      Plaintiff's Request for Exemption

20         12.     Pursuant to 28 U.S.C. §1446, copies of this Notice of Removal are being served

21  upon all adverse parties and upon the Clerk of the District Court of Clark County, Nevada, for

22  filing.

23         13.     The undersigned have read this Notice of Removal, and to the best of the

24  undersigneds' knowledge, information and belief, formed after a reasonable inquiry, is well-

25  grounded in fact, is warranted by existing law or an extension or modification of existing law, and

26  is not inter-opposed for any improper purposes, such as to harass and cause unnecessary delay or

27  needless increase in the cost of this litigation.

28  / / /

1  WHEREFORE, Defendant Fisk Electric Company prays for removal of the above-

2  captioned matter to this Court, and respectfully requests that this Court assume jurisdiction of this

3  lawsuit and take all such further action as deemed just and proper.

4  DATED this _____ 28 _____ day of November, 2011.

5

6  _____

7  Stephen W. Mooney, Esq.
   Rosemary Missisian, Esq.

8  WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC

9  6385 S. Rainbow Blvd., Suite 400
   Las Vegas, NV 89118

10  *Attorneys for Defendant*
    *Fisk Electrical Company*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
(702) 938-3838

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the ⟨28⟩ day of ⟨Nov.⟩, 2011, a true and correct copy of the foregoing **NOTICE OF REMOVAL TO FEDERAL COURT** was served by U.S. Mail, postage prepaid, and by e-service, in accordance with the Electronic Filing Procedures of the United States District Court, to the following.

John A. Piet, Esq.
Molly Pitluck, Esq.
Piet & Wright
3130 S. Rainbow Blvd., Suite 304
Las Vegas, NV 89146
Facsimile: 566-4833
*Attorneys for Plaintiffs*

⟨Cynthia S. Borman⟩
An Employee of Weinberg, Wheeler,
Hudgins, Gunn & Dial, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
(702) 938-3838

A-11-646582-C

XVIII

## CIVIL COVER SHEET

Clark County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

---

### I. Party Information

Plaintiff(s) (name/address/phone): LAKESHA STEVENSON

Attorney (name/address/phone):

JOHN A. PIET, ESQ., and CHARLES T. WRIGHT, ESQ.,
PIET & WRIGHT

3130 S. Rainbow Boulevard, Ste.304, Las Vegas 89146

(702) 566-1212

Defendant(s) (name/address/phone): FISK ELECTRICAL
COMPANY

Attorney (name/address/phone):

WEINBERG WHEELER HUDGINS GUNN & DIAL

6385 S. Rainbow Boulevard, Las Vegas, Nevada 89118

---

### II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

#### Civil Cases

| Real Property | Torts |
|---|---|

**Real Property**

☐ **Landlord/Tenant**
  ☐ Unlawful Detainer
☐ **Title to Property**
  ☐ Foreclosure
  ☐ Liens
  ☐ Quiet Title
  ☐ Specific Performance
☐ **Condemnation/Eminent Domain**
☐ **Other Real Property**
  ☐ Partition
  ☐ Planning/Zoning

**Torts**

*Negligence*

☐ **Negligence – Auto**
☐ **Negligence – Medical/Dental**
☐ **Negligence – Premises Liability**
      (Slip/Fall)
☐ **Negligence – Other**

☐ **Product Liability**
  ☐ Product Liability/Motor Vehicle
  ☐ Other Torts/Product Liability
☐ **Intentional Misconduct**
  ☐ Torts/Defamation (Libel/Slander)
  ☐ Interfere with Contract Rights
☒ **Employment Torts** (Wrongful termination)
☐ **Other Torts**
  ☐ Anti-trust
  ☐ Fraud/Misrepresentation
  ☐ Insurance
  ☐ Legal Tort
  ☐ Unfair Competition

**Probate**

☐ **Summary Administration**
☐ **General Administration**
☐ **Special Administration**
☐ **Set Aside Estates**
☐ **Trust/Conservatorships**
  ☐ Individual Trustee
  ☐ Corporate Trustee
☐ **Other Probate**

**Other Civil Filing Types**

☐ **Construction Defect**
  ☐ Chapter 40
  ☐ General
☐ **Breach of Contract**
  ☐ Building & Construction
  ☐ Insurance Carrier
  ☐ Commercial Instrument
  ☐ Other Contracts/Acct/Judgment
  ☐ Collection of Actions
  ☐ Employment Contract
  ☐ Guarantee
  ☐ Sale Contract
  ☐ Uniform Commercial Code
☐ **Civil Petition for Judicial Review**
  ☐ Other Administrative Law
  ☐ Department of Motor Vehicles
  ☐ Worker's Compensation Appeal

☐ **Appeal from Lower Court** *(also check applicable civil case box)*
  ☐ Transfer from Justice Court
  ☐ Justice Court Civil Appeal
☐ **Civil Writ**
  ☐ Other Special Proceeding
☐ **Other Civil Filing**
  ☐ Compromise of Minor's Claim
  ☐ Conversion of Property
  ☐ Damage to Property
  ☐ Employment Security
  ☐ Enforcement of Judgment
  ☐ Foreign Judgment – Civil
  ☐ Other Personal Property
  ☐ Recovery of Property
  ☐ Stockholder Suit
  ☐ Other Civil Matters

---

### III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only.*)

☐ NRS Chapters 78-88
☐ Commodities (NRS 90)
☐ Securities (NRS 90)

☐ Investments (NRS 104 Art. 8)
☐ Deceptive Trade Practices (NRS 598)
☐ Trademarks (NRS 600A)

☐ Enhanced Case Mgmt/Business
☐ Other Business Court Matters

---

August 12, 2011
Date

*[signature]*
Signature of initiating party or representative

Form PA 201
Rev. 2.3E

Electronically Filed
08/12/2011 04:07:02 PM

CLERK OF THE COURT

1

COMP
2  JOHN A. PIET, ESQ.
Nevada Bar No. 10717
3  CHARLES T. WRIGHT
Nevada Bar No. 10285
4  PIET & WRIGHT
3130 S. Rainbow Blvd., Ste. 304
5  Las Vegas, Nevada 89146
Telephone: (702) 566-1212
6  Facsimile : (702) 566-4833
7  *Attorneys for Plaintiff, LAKESHA STEVENSON*

8

9                      **DISTRICT COURT**

10                **CLARK COUNTY, NEVADA**

11

12  LAKESHA STEVENSON,          CASE NO.:  A-11-646582-C
13                                          XVIII
                Plaintiff,
14                              DEPT. NO.:
15  vs.

16
     FISK ELECTRICAL COMPANY,
17
                Defendant.
18

19          **COMPLAINT OF WRONGFUL TERMINATION**

20          COMES NOW, Plaintiff, LAKESHA STEVENSON, an individual, by and

21  through her attorney, JOHN A. PIET, ESQ., of the law firm of PIET & WRIGHT,

22

23  and as and for her Complaint against Defendant FISK ELECTRICAL COMPANY, a

24  foreign corporation; alleges and states as follows:

25                      **I. INTRODUCTION**
26
27      1.      This is an action for damages brought by an individual who was

28  violated under Nevada Revised Statute §613.330 which prohibits discrimination in

the workplace based on race, color or sex and Nevada Revised Statute §613.340 prohibiting an employer, employment agency or labor organization from retaliating against an employee or applicant for employment because that individual has engaged in protected activity regarding a discriminatory employment practice made unlawful under state statutes.

## II. JURISDICTION

2.      The Complaint upon which this action is based was made and was to be performed in the County of Clark, State of Nevada. That Complaint provides that the County of Clark is the proper venue for any action arising out of the agreement.

## III. PARTIES

3.      Plaintiff, LAKESHA STEVENSON (hereinafter referred to as "STEVENSON"), an individual and employee of FISK ELECTRICAL COMPANY, who   is and was at all times relevant herein, a resident of Clark County, State of Nevada.

4.      Upon information and belief, Defendant FISK ELECTRICAL (hereinafter referred to as "FISK"), is an "employer" having 15 or more employees for each working day..." Nevada Revised Statute §613.310(2) of the County of Clark, State of Nevada.

## IV. CAUSE OF ACTION
## WRONGFUL TERMINATION

5.      FISK is an employer subject to Nevada Revised Statute §613.310(2).

PIET & WRIGHT
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

6.     On or about July 28, 2006 STEVENSON was hired by FISK as a Fire Control Installation Technician.

7.     On or about November 22, 2006 STEVENSON was harassed by a superior and co-worker because of her sex and age in violation of Nevada Revised Statute §613.330.

8.     STEVENSON was subjected to inappropriate touching and sexual comments by employees of FISK, the Heat Foreman/Headman in Charge, Gerald (hereinafter referred to as "Gerald") and co-worker, Jeff Kossieck (hereinafter referred to as "Jeff").

9.     STEVENSON alleges both and Jeff inappropriately spoke to her daily about "getting pussy and fucking".

10.    Jeff smacked her rear-end on more than one occasion.

11.    When STEVENSON complained to Gerald about Jeff, he ignored her.

12.    Jeff intentionally touched STEVENSON's breast on more that one occasion with a flashlight indicating where batteries were for the flashlight.

13.    Gerald intentionally touched STEVENSON's breast on more than one occasion.

14.    Gerald never apologized to her for brushing against her breast on more than one occasion.

15.    STEVENSON was discriminated against and by two employees ending on or about January 28, 2007.

PW PIET & WRIGHT PW
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

16.    Kevin O'Conner (hereinafter "Kevin") is the General Foreman and Supervisor at FISK.

17.    STEVENSON twice reported and cried to Kevin of Gerald's and Jeff's misconduct towards her, and Kevin told her each time to "go cool off".

18.    STEVENSON exercised her right to inquire or complain to the General Foreman, Dan also known as "Big D" regarding her concerns for being discriminated against and was informed by him that "there is no way she would be fired" for such a complaint.

19.    On or about January 28, 2007 STEVENSON reported the sexual harassment complaint to FISK's Safety Representative where she worked and Foreman Darrell Jensen as protected under Nevada Revised Statute §613.340.

20.    On or about February 1, 2007, Gerald was gossiping to a roomful of co-workers about her being fired.

21.    FISK fired STEVENSON because she reported illegal conduct to her employer under state and federal laws on February 2, 2007 in violation of Nevada Revised Statute §613.330 and §613.340.

22.    STEVENSON was not discharged because of a reduction in force at FISK.

23.    STEVENSON was wrongfully terminated.

24.    STEVENSON alleges she was unemployed from February 2007 through April 30, 2007 and then was hired by F. Rogers Insulation (hereinafter referred to as "Rogers").

PW PIET & WRIGHT PW
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

25. On or about April 30, 2007 STEVENSON was hired by Rogers.

26. STEVENSON was discharged by F. Rogers Insulation on February 2010 as a direct result of her report of sexual discrimination that took place at FISK, when Rogers was informed of the investigation by the Nevada Commission.

27. STEVENSON has been unable to find comparable employment.

28. STEVENSON's annual salary at FISK was Thirty-Seven Thousand Dollars ($37,000.00).

29. STEVENSON annual salary at Rogers was Thirty-Three Thousand and Eight Hundred Dollars ($33,800.00).

30. STEVENSON has suffered damages from lost wages in excess of Ten Thousand Dollars ($10,000.00).

31. On or about February 26, 2007 STEVENSON filed a Charge of Discrimination Complaint against FISK with the Nevada Equal Employment Opportunity Commission (EEOC) under case number 34B-2007-00670, a legally valid complaint of discrimination based upon her race, color and sex which violated the Title VII of the Civil Rights Act (see attached hereto as *Exhibit "1"*) and Nevada Revised Statute 613.330.

32. On or about May 13, 2011 STEVENSON received from the EEOC a Notice of Suit Rights (see attached hereto as *Exhibit "2"*).

///

PW PIET & WRIGHT PW
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

### V. CONCLUSION

33.    STEVENSON engaged in a protected activity by filing a Complaint with FISK on January 28, 2007 reporting sexual discrimination.    She suffered an adverse employment action by being fired in retaliation of the report in violation of Nevada Revised Statute §613.340 for reporting a violation of Nevada Revised Statute §613.330.    Based on the probable cause existing herein to support this Complaint, STEVENSON has established a prima facie case of retaliation and therefore was wrongfully terminated.

WHEREFORE, STEVENSON PRAYS for judgment against FISK as follows:

1.    For lost potential earnings in an amount to be determined at trial;

2.    For reasonable attorneys' fees and costs incurred in the above-entitled action; and

3.    For all such other and further relief as the above-entitled Court may deem just and proper

DATED this <u>12th</u> day of August 2011.

PIET & WRIGHT

By:_____
JOHN A. PIET, ESQ.
Nevada Bar No. 10717
CHARLES T. WRIGHT
Nevada Bar No. 10285
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
*Attorneys for Plaintiff,*
*LAKESHA STEVENSON*

PIET & WRIGHT
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

# EXHIBIT

# "1"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 34B-2007-00595 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Lakesha Stevenson | (702) 471-0071 | 01-27-1976 |

Street Address                   City, State and ZIP Code

2022 E Sunrise, Apt. 4, Las Vegas, NV 89101

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HEAT & FROST INSULATORS LOCAL 135 | 101 - 200 | (702) 643-8645 |

Street Address                   City, State and ZIP Code

4400 E. Alexander Rd., Las Vegas, NV 89115

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                   City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-22-2006    Latest: 02-02-2007

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I believe that I am discriminated against because of my sex, Female and I was subjected to retaliation. On or about November 22, 2006 through January 28, 2007, I was subjected to sexual harassment. On February 2, 2007, I was discharged. I filed my complaint with the Nevada Equal Rights Commission on February 26, 2007.

On or about July 2006, I was hired and I was employed as a Fire Stopper.

On or about November 22, 2006 through January 28, 2007, Jeff (lnu), co-worker subjected me to sexual harassment. During this period, Jeff would touch me inappropriately. On November 22, 2006, he slapped me on my butt. On January 24, 2007, Gerald touched me on my breasts, under the appearance of indicating where batteries for the flashlight were. I was initially reluctant to report the sexual harassment, for fear of losing my job. On January 28, 2007, I reported the sexual harassment to Big D, General Forman and to the Union.

On February 2, 2007, I was discharged along with Merrie Wolfe, who witnessed Jeff's offensive actions towards me.

It is my contention that the Respondent retaliated against me, by discharging me, under pretext. Following my termination as reduction in Force, the Respondent immediately two white males to replace us.

I was subjected to the aforementioned alleged act of discrimination, because of my sex, Female and I was subjected to retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended and Nevada State Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 03-13-07          *Lakesha Stevenson* | *Lakesha Stevenson* |
| Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 03-13-07 |

# EXHIBIT

# "2"

EEOC Form 161-A (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Lakesha Stevenson<br>2022 E Sunrise<br>Apt. 4<br>Las Vegas, NV 89101 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2007-00670 | Adriana E. Lopez,<br>CRTIU Supervisor | (702) 388-5014 |

TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Lucy V. Orta,
Director

MAY 13 2011

*(Date Mailed)*

Enclosures(s)

| cc: | Weinberg, Wheeler<br>Hudgins, Gunn & Dial, LLC<br>Attn: Rosemary Missisian, Esq.<br>6385 S. Rainbow Blvd., Ste 400<br>Las Vegas, NV 89169 | Piet & Wright<br>Attn: John A. Piet, Esq.<br>3130 S. Rainbow Blvd. Ste 304<br>Las Vegas, NV 89146 |
|---|---|---|

Enclosure with EEOC
Form 161-A (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** **before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

1  **SUMM**
2  JOHN A. PIET, ESQ.
   Nevada Bar No. 10717
3  CHARLES T. WRIGHT
   Nevada Bar No. 10285
4  PIET & WRIGHT
5  3130 S. Rainbow Blvd., Ste. 304
   Las Vegas, Nevada 89146
6  Telephone: (702) 566-1212
7  Facsimile : (702) 566-4833
   *Attorney for Plaintiff, LAKESHA STEVENSON*
8



9
10                      **DISTRICT COURT**
11                 **CLARK COUNTY, NEVADA**
12

13 LAKESHA STEVENSON,            CASE NO.: A-11-646582-C

14          Plaintiff,           DEPT. NO.: XVIII

15 vs.

16
   FISK ELECTRICAL COMPANY,
17
18          Defendant.

19

20                  <u>**SUMMONS - CIVIL**</u>

21 **NOTICE! YOU HAVE BEEN SUED, THE COURT MAY DECIDE AGAINST YOU**

22 **WITHOUT NOTICE OR YOUR BEING HEARD UNLESS YOU RESPONDENT**

23 **WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

24 **TO THE DEFENDANT(S):**  A civil Complaint has been filed by the Plaintiff against

25 you for the relief set forth in the Complaint.

26              **FISK ELECTRICAL COMPANY**

27     1.     If you intend to defend the lawsuit, within 20 days after this Summons is

28 served on you, exclusive of the day of service, you must do the following:

(a)    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

(b)    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon the application of the Plaintiff and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

JOHN A. PIET, ESQ.

Nevada Bar No. 10717
PIET & WRIGHT
3130 S. Rainbow Blvd., Suite 304
Las Vegas, Nevada 89146

STEVEN D. GRIERSON
CLERK OF THE COURT

CLERK OF THE COURT

TAMARA JAMES        AUG 15 2011

DISTRICT COURT CLERK        Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

DISTRICT COURT SEAL

PW  PIET & WRIGHT  PW
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

SELL                                                    45738;111;648;573;460;168

DISTRICT COURT

CLARK COUNTY, NEVADA

LAKESHA STEVENSON,                    )
                                      )
            Plaintiff,                )
                                      )
                                      )   CASE NO.  A-11-646582-C
v.                                    )   DEPT NO.  XVIII
                                      )
FISK ELECTRICAL COMPANY,              )
                                      )
            Defendant.                )   **ARBITRATION**
                                      )

## ARBITRATION SELECTION LIST

**TO:**    JOHN A. PIET, ESQ., PIET & WRIGHT, attorney for Plaintiff; and

**TO:**    ROSEMARY MISSISIAN, ESQ., WEINBERG, WHEELER, HUDGINS, GUNN
           & DIAL, attorney for Defendant, FISK ELECTRIC COMPANY (erroneously
           named as FISK ELECTRICAL COMPANY).


           Pursuant to Rule 6 of the Nevada Arbitration Rules, the following persons have

been randomly selected as potential arbitrators in the above-entitled case:

           1.  Mark Raymond Anderson
           2.  Noah G. Allison
           3.  Janet C. Pancoast
           4.  Gary C. Milne
           5.  Paul W. VanDerwerken

           Each party shall, within ten (10) days, file with the ADR Commissioner a signed

copy of this list with no more than two (2) names stricken.

           If one or both parties respond, the ADR Commissioner will appoint an arbitrator

from among those names not stricken.  If neither party files within ten (10) days, the ADR

Commissioner will appoint one of the five arbitrators.

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT

STEVENSON/A-11-646582-C

If there are more than two (2) adverse parties, two (2) additional arbitrators per each additional party shall be added to the list with the above method of selection to apply.  If several parties are represented by one attorney, they shall be considered as one party.

DATED this 10th day of November, 2011.

_____
ADR COMMISSIONER

I choose to strike the names as designated.

DATED this _____ day of _____, 2011.

_____
ATTORNEY

STEVENSON/A-11-646582-C

## NOTICE

Pursuant to Nevada Arbitration Rule 6(C), you are hereby notified you have ten (10) days from the date you are served with this document within which to strike no more than two (2) names from the arbitration list and file it with the ADR Commissioner at the ADR Office.   The Arbitration Selection List is deemed served three (3) days after the Commissioner's designee deposits a copy of the list in the U.S. Mail.

A copy of the foregoing Arbitration Selection List was

_✓_   Mailed to Plaintiff's/Defendant's counsel at their last known address(es) on the 14th day of November, 2011.

_____   Mailed to Plaintiff/Defendant at the following address(es) on the ____ day of November, 2011.

CHRIS A. BEECROFT, JR.

By _____

COMMISSIONER DESIGNEE

http://www.clarkcountycourts.us/ejdc/courts-and-judges/adr/adr.html

**ADR COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

REQT
JOHN A. PIET, ESQ.
Nevada Bar No. 10717
MOLLY R. PITLUCK
Nevada Bar No. 12068
PIET & WRIGHT
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Attorneys for Plaintiff
Lakesha Stevenson

DISTRICT COURT

CLARK COUNTY, NEVADA

|  |  |  |
|---|---|---|
| LAKESHA STEVENSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. A-11-646582-C |
| | ) | |
| FISK ELECTRICAL COMPANY, | ) | DEPT NO. XVIII |
| | ) | |
| Defendant. | ) | |
| | ) | **ARBITRATION** |

## REQUEST FOR EXEMPTION FROM ARBITRATION

Plaintiff, LAKESHA STEVENSON, hereby requests the above entitled matter be

exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

|  |  |  |
|---|---|---|
| 1. | _____ | presents a significant issue of public policy; |
| 2. | X _____ | involves an amount in excess of $50,000 per Plaintiff, exclusive of interest and costs; |
| 3. | _____ | presents unusual circumstances which constitute good cause for removal from the program. |

A specific summary of the facts which supports my contention for exemption is as

follows:  This is an action brought on behalf of Plaintiff for wrongful termination from

ARB FORM 7 (1 of 2)

STEVENSON v. FISK ELECTRICAL COMPANY/CASE NO. A-11-646582-C

Defendant's company. Plaintiff alleges that Defendant wrongfully terminated her in retaliation of Plaintiff's reported incidents of sexual harassment and discrimination against her by employees of Defendant's company, in violation of Nevada Revised Statutes Sections 613.330 and 613.340.

To date, Plaintiff alleges damages well in excess of $50,000.00, exclusive of interest and costs. Specifically, Plaintiff is alleging damages in excess of $100,000.00 in lost wages, alone, due to her wrongful termination by Defendant. As Plaintiff is alleging, at least, double the amount of damages to meet the exemption requirement of a case involving an amount in excess of $50,000.00, exclusive of interests and costs, Plaintiff should be exempted from arbitration in this case.

I hereby certify pursuant to N.R.C.P. 11 this case to be within the exemption(s) marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and any attachments thereto do not contain personal information including, without limitation, home address/phone number, social security number, driver's license number or identification card number, account number, PIN numbers, credit card number or debit card number, in combination with any required security code, access code or password that would permit access to the person's financial account.

DATED this 17th day of November, 2011.

JOHN A. PIET, ESQ.
Nevada Bar No. 10717
MOLLY R. PITLUCK, ESQ.
Nevada Bar No. 12068
3130 S. Rainbow Blvd., Ste., 304
Las Vegas, Nevada 89146
Attorneys for Plaintiff
Lakesha Stevenson

<u>CERTIFICATE OF MAILING</u>

I hereby certify that on the 17th day of November, 2011, I mailed a copy of the foregoing REQUEST FOR EXEMPTION FROM ARBITRATION in a sealed envelope, to the following counsel of record and that postage was fully prepaid thereon:

EMPLOYEE OF ATTORNEY

Rosemary Missisian, Esq.
Stephen W. Mooney, Esq.
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118

NOTE:  REQUEST FOR EXEMPTION TO BE FILED WITH THE ADR OFFICE AND
        SERVED ON ANY PARTY WHO HAS APPEARED IN THE ACTION.

NOTE:  THE ADR COMMISSIONER WILL CONSIDER ANY WRITTEN OPPOSITION
        TO REQUEST, IF FILED WITHIN FIVE (5) DAYS OF SERVICE OF THE
        REQUEST; SAID OPPOSITION MUST BE SERVED ON THE MOVANT AND
        FILED WITH THE ADR OFFICE IN A TIMELY FASHION TO BE CONSIDERED.

ARB FORM 7 (2 of 2)